IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01419-REB-BNB

JAMES R. HEFFLIN,

Plaintiff,

v.

SLEETER DOVER, Executive Director, Wyoming State Bar,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss** [Doc. #5, filed July 20, 2009]. I respectfully RECOMMEND that the Motion be GRANTED and that this case be transferred to the United States District Court for the District of Wyoming.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed his Title VII Complaint on June 17, 2009 [Doc. #1] (the "Complaint"). The Complaint alleges that the defendant discriminated against the plaintiff based on his race as follows: "third party interference theory concerning the Wyoming State Bar a licensing agency." *Complaint*, p. 2.[1]

---

[1] The plaintiff did not consecutively paginate the Complaint. Therefore, I cite to the pages as assigned by the court's docketing system.

The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about May 28, 2008. *Complaint*, pp. 5-10; *Motion*, Ex. A-3. In his EEOC complaint, the plaintiff alleged that defendant Sleeter Dover, Executive Director of the Wyoming State Bar, unlawfully pursued a charge of Unlicensed Practice of Law against the plaintiff. The plaintiff further alleged that Dover, "a person of color," has discriminated against the plaintiff based on the plaintiff's Caucasian race. Id. The EEOC dismissed the complaint because it was unable to find a violation of Title VII. *Complaint*, p. 4; *Motion*, Ex. A-4.

The defendant moves to dismiss this action on several grounds, including improper venue. Title VII's venue provision states in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

"It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions." Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998).

Here, the Complaint states that the alleged unlawful employment practices took place Cheyenne, Wyoming. *Complaint*, p. 1, ¶ 5. See also *Motion*, Affidavit of Sleeter Dover, ¶ 6. Thus, under the first venue option of Title VII, venue is proper in Wyoming.

There are no employment records at issue.  The defendant attests that the plaintiff has never been employed by Dover or the Wyoming Sate Bar.  *Motion*, Affidavit of Sleeter Dover, ¶ 6.  There is no evidence in the record to show that any employment records exist in Colorado.  Therefore, under the second venue option of Title VII, venue is not proper in Colorado.

Under the third venue option of Title VII, venue is found where the plaintiff would have worked but for the alleged unlawful employment practice.  The plaintiff alleges that, because of the defendant's actions, he has "lost his client along with thousands of dollars that could have [been] earned from representing his case."  *Motion*, Ex. A-3, p. 2.  Thus, it appears that had there been no discriminatory actions against him, he would still be working in Wyoming.  There is no evidence in the record that the plaintiff would have worked in Colorado but for the alleged discrimination.

In his response to the Motion, the plaintiff argues that venue is proper in Colorado because he "fully planned to expand his representation efforts to the Colorado area however since the instant matter occurred plaintiff has been reluctant to pursue his plans in an aggressive manner since the defendant speaks out against the plaintiff and his business by stating plaintiff is unlawfully practicing law."  *Response to Defendant's Motion to Dismiss* [Doc. #9] (the "Response"), p. 2.  The Response is not sworn, and the plaintiff has not presented an affidavit or other evidence to support his argument that he would have worked in Colorado but for the alleged discrimination.

The fourth venue option provides that if the respondent is not found in any of the previous districts, an action may be brought within the judicial district in which the respondent

has its principal office.  The respondent can be found in Wyoming.  In addition, the respondent's principal place of business is in Wyoming.  *Motion*, Affidavit of Sleeter Dover, ¶ 1.

Venue is not proper in Colorado.  The plaintiff requests that in the event venue is not proper here, the case be transferred to the United States District Court in Cheyenne, Wyoming.  *Response*, p. 3.

I respectfully RECOMMEND that the Motion be GRANTED and that this case be transferred to the United States District Court for the District of Wyoming.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 2, 2009.

                                                BY THE COURT:

                                                 s/ Boyd N. Boland
                                                United States Magistrate Judge